### Ramon Y Barra v. The State.

#### No. 3469.   Decided October 24, 1906.

**1.—Rape—Marriage License—Loco Parentis—Environments.**

Upon trial for rape, there was no error in admitting in evidence the marriage license, and other evidence of marriage of defendant and the prosecutrix mother. Where a defendant stands in loco parentis and takes advantage of this to seduce and have carnal intercourse with a female in his charge and under age of consent, it would be a circumstance that the jury may consider; besides the infliction of the lowest penalty showed that the jury were not prejudiced by such testimony.

**2.—Same—Evidence—Husband and Wife—Identification.**

Where upon trial for rape, during cross-examination of defendant, his wife was brought into his presence for the purpose of identifying her as his wife, there was no error; besides no injury was shown to defendant on this account.

**3.—Same—Hearsay—Bill of Exceptions—Practice on Appeal.**

Upon an appeal from a conviction for rape, where the record showed that appellant objected upon the trial to the introduction of testimony that he was going under an assumed name, as hearsay, but the bill of exceptions did not sufficiently raise this question, the same could not be considered. The mere objection to testimony without properly reserving exceptions is not sufficient.

Appeal from the District Court of Guadalupe. Tried below before the Hon. M. Kennon.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Wood,* for appellant.—On question of husband and wife: Boyd v. State, 26 S. W. Rep., 1080; Dockery v. State, 34 S. W. Rep., 281; McLean v. State, 24 S. W. Rep., 898.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at five years confinement in the penitentiary.

The evidence on the part of the State showed that prosecutrix was under 15 years of age, and that appellant, who was her step-father, had carnal intercourse with her. Appellant testified and denied that he had such carnal intercourse.

Appellant's bills of exception were reserved in the statement of facts to the introduction of evidence. These bills of exception are taken in such a general way as scarcely to raise the questions insisted upon by appellant. It occurs to us that the testimony in regard to the marriage license and return was admissible. At any rate the marriage was abundantly proved between appellant and Albina Losano, the mother of prosecutrix. It is urged, however, that this character of testimony was not admissible, and that it was immaterial and irrelevant, and would serve to inflame the minds of the jurors and produce a conviction where the testimony was weak or enhance the punishment in case of conviction. We believe that this character of testimony is relevant as showing opportunity. Proof of the environments of the parties is as a general rule admissible, where these environments would serve to shed any light on the question. We think the proof was full on the part of the State, and the punishment inflicted was the lowest authorized for this offense, so that it cannot be said this testimony enhanced appellant's punishment. We are not prepared to say that this character of testimony cannot be used by the jury for this purpose. Where a party stands in loco parentis and takes advantage of this to seduce and have carnal intercourse with a person under his charge, this would be a circumstance that the jury might consider.

There is some question raised as to having appellant's wife come in before the jury for the purpose of identifying her as his wife, and having appellant on his cross-examination testify that the woman, Albina, was his wife. This does not come under the rule laid down by this court in Moore v. State, 45 Texas Crim. Rep., 234; 8 Texas Ct. Rep., 116. There the wife was sworn as a witness against her husband. She was brought in here merely for the purpose of identification by the husband, and we believe it was competent to prove by him that she was his wife. Furthermore, no injury was shown to appellant on this account.

It may be that the testimony of the sheriff to the effect that when he arrested defendant in Bell County he was going under an assumed name, was not competent testimony as being hearsay on his part. However, we do not believe the bill sufficiently raises this question. Indeed, an examination of the record fails to show that any exception was reserved—but simply that the testimony was objected to. There being no error in the record, the judgment is affirmed.

*Affirmed.*