## PETE MCKENNY V. THE STATE.

No. 10096.   Delivered November 24, 1926.

**1.—Murder—Charge of Court—Exceptions To—Insufficient.**

Where, on a trial for murder, appellant excepted to the court's charge on insanity in the following words: "Defendant objects to paragraph 9 of the court's charge on insanity, because the said charge makes it more onerous on the defendant and does not correctly charge the law on insanity, as is shown by the evidence in this case." Such exception points out no particular in which said charge is onerous, or in which the law of any issue is not correctly stated, and is insufficient to present any error. Following Pinkerton v. State, 94 Tex. Crim. Rep. 127, and numerous other cases cited in the opinion.

**2.—Same—Continued.**

Our statute, Art. 658 C. C. P., requires that exceptions to the charge shall "distinctly specify each ground of objection." In the Pinkerton case, 94 Tex. Crim. Rep. 127, the court said, speaking through Judge Hawkins: "The exception was not elaborated, and in no way was it undertaken to point out to the trial court in what particular the paragraph in question was not applicable to the facts, nor in what way it imposed undue burdens or limitations on appellants, nor in what manner it was deemed by them too restrictive."

**3.—Same—Insanity as Defense—Burden of Proof.**

Our law requires more than mere weakness of mind to excuse one from the consequences of criminal acts, and the burden is on him who pleads insanity to show that he does not know right from wrong as to the particular act charged. The accused can only discharge himself from responsibility by proving that his intellect was so distorted that he did not know the nature and quality of the act he was doing. The evidence before us is wholly insufficient to show that appellant was insane at the time he killed his wife, and the cause must be affirmed. See Mitchel v. State, 52 Tex. Crim. Rep. 37, and numerous other cases cited in opinion.

Appeal from the District Court of Fort Bend County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for murder, penalty assessed at death.

The opinion states the case.

*E. T. Branch, Chernosky, Jeffrey & Douglas* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Fort Bend County for murder; punishment fixed at death.

There are five bills of exception which are not of merit enough

to call for discussion. Appellant briefs only the proposition that the charge on insanity was erroneous. The exception to this charge is as follows:

"Defendant objects to paragraph 9 of the court's charge, same being a charge of insanity, because the said charge makes it more onerous on the defendant and does not correctly charge the law on insanity, as is shown by the evidence in this case."

Our statute, Art. 658, 1925, C. C. P., requires that exceptions to the charge shall "distinctly specify each ground of objection." The exception in the instant case quoted above does not comply with this requirement of the statute. Pinkerton v. State, 94 Tex. Crim. Rep. 127; Regittano v. State, 96 Tex. Crim. Rep. 427; Blackman v. State, 95 Tex. Crim. Rep. 116; Morris v. State, 96 Tex. Crim. Rep. 605; McCauley v. State, 97 Tex. Crim. Rep. 1; Littleton v. State, 91 Tex. Crim. Rep. 205; Gill v. State, 84 Tex. Crim. Rep. 531; Riordan v. State, 101 Tex. Crim. Rep. 279. The ruling of this court in construing this statute is illustrated in the Pinkerton case, supra, wherein the objection made to the charge was as follows:

"Because said paragraph is not applicable to the facts of this case, and imposes undue burdens and limitations on the defendants and is entirely too restrictive when applied to the facts of this case."

This appears very like the objection made in the instant case. We there said, speaking through Judge Hawkins:

"The exception was not elaborated, and in no way was it undertaken to point out to the trial court in what particular the paragraph in question was not applicable to the facts, nor in what way it imposed undue burdens or limitations on appellants, nor in what manner it was deemed by them too restrictive."

Applying the same reasoning to the exception in the case before us, it is manifest that to say a charge is onerous which does not correctly charge the law of insanity,—points out no particular in which said charge is onerous or in which the law of any issue is not correctly stated; it specifies no words, phrases or statements deemed onerous in effect, and none which either by commission or omission fails to properly present the law of insanity.

To meet the charge that the attorneys "waylaid the trial judges" by omnibus and blanket exceptions, and to give notice that unless exceptions to the charge were so framed as to point out to the court some particular part complained of, the present law requiring the charge to be read to the jury and presented to the accused before argument, and that specific objections to

the charge must be made,—was passed. In Gill v. State, supra, where the exception was that paragraph four of the charge was on the weight of the evidence, we said, speaking through Judge Morrow:

"These provisions were made with the purpose of advising the trial judge, before his charge is given to the jury, of defects, affirmative or negative, which in the judgment of counsel for the accused occurred in the charge, and to afford the trial judge the opportunity to amend the charge enlightened by the views of counsel for the accused.

"No form of objection is prescribed, and in the nature of the case, none can be laid down, but the charge complained of and the objection made must be considered together, and if it is sufficiently definite to make reasonably apparent to the trial judge the faults complained of, it will be regarded on appeal as a substantial compliance with the requirements of the statute. The statute demanding that the objections shall be distinctly specified is not ordinarily met by a general objection."

This being a case in which the death penalty was inflicted, we have considered appellant's attack upon the charge viewed from every angle. Appellant introduced three witnesses, his father, sister and brother-in-law. Neither the father nor the sister testified that in their opinion appellant was insane. The brother-in-law testified in one place, after saying that witness' wife was not bright, that this boy (evidently referring to the appellant herein) is crazy, too. He further stated that the only crazy thing he had ever known appellant to do was when he killed his wife, and stated that appellant had been the only support of his mother, had made a crop every year, never was in rackets, worked good, was good to his team, knew right from wrong in some things, etc. Our law requires more than mere weakness of mind to excuse one from the consequence of criminal acts, and the burden is on him who is charged and pleads insanity, to show that he does not know right from wrong as to the particular act charged. Mitchell v. State, 52 Texas Crim. Rep. 37; Coffey v. State, 60 Texas Crim. Rep. 77; Cox v. State, 60 Texas Crim. Rep. 471; Fletcher v. State, 67 Texas Crim. Rep. 417; Hogue v. State, 146 S. W. 905; Douglas v. State, 165 S. W. 933. In Leach v. State, 22 Texas Crim. App. 311, we said that the accused could only discharge himself from responsibility by proving that his intellect was so disordered that he did not know the nature and quality of the act he was doing, and that it was an act which he ought not to do. The same language appears in Parker v. State, 238 S. W. 947.

Applying what we have said in these cases to the case at bar, we observe that the accused could only absolve himself from responsibility by showing that at the very time he killed his wife he did not know the nature and quality of such act or that it was one he ought not to do. From the opinions of this court generally it is observed that we hold that one who is at times sane and at others insane, will be presumed to have acted in the particular case in a moment of sanity, if there be no proof to the contrary. Many cases may be cited in which the proof supporting the theory of insanity was stronger than in the instant case in which the court declined to submit the issue and his action was upheld by this Court. Kirby v. State, 93 S. W. 1030; Cross v. State, 100 S. W. 213; Griffith v. State, 78 S. W. 347; Mitchell v. State, 52 Texas Crim. Rep. 37. These things are said in view of our refusal to consider appellant's exceptions to the charge on insanity. In our opinion the charge given on insanity, while involving a seeming contradiction in some of its expressions, was not misleading to the jury, and could not have resulted in any injury to the rights of the appellant. Appellant killed his wife and fled, and was subsequently arrested at some distance away from his home. There are no mitigating facts and circumstances, and the jury seems to have been justified in the infliction of the extreme penalty of the law.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*