## MOSES CHRYAR V. THE STATE.

### No. 11376.   Delivered March 21, 1928.

**1.—Murder—Evidence—Showing Animus—Properly Admitted.**

Where, on a trial for murder, the state's theory, supported by some evidence being that appellant shot deceased believing him to be his (appellant's) son, there was no error in permitting the state to ask appellant, on cross-examination, if his son had not prohibited him from beating his, appellant's, wife. While the bill of exception complaining of this matter is insufficient, it is discussed by reason of the fact that the extreme penalty of death was imposed.

**2.—Same—Evidence—Tendering Wife as Witness—Not Error.**

Where, on a trial for murder, appellant, contending that he killed deceased because his wife had told him that she had had illicit relations with deceased, there was no error in the state tendering the wife to appellant as a witness in the presence of the jury. It is the general rule that when it appears from the evidence that the wife of the accused knows facts which, if true, would be to his interest, the state may comment in argument on the failure of the accused to produce the wife as a witness. See Cole v. State, 243 S. W. 1100; Coffey v. State, 131 S. W. 216; and other cases cited. Also see Branch's Ann. P. C., Sec. 372.

**3.—Same—Continued.**

We are of the opinion that the action of the District Attorney in tendering appellant's wife to him as a witness, was not to be commended. However, the Coffey case, supra, is direct authority for holding in the instant case that such action on the part of the state's counsel did not constitute reversible error, and could not have been more harmful than allusion in argument by the state's counsel to appellant's failure to use his wife as a witness.

**4.—Same—Child as.Witness—Properly Permitted to Testify.**

Where appellant complains of the action of the court in permitting his ten-year-old daughter to testify against him and his bill is qualified by the court with the statement that the witness was thoroughly qualified, no error is presented.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction for murder, penalty assessed at death.

The opinion states the case.

*J. A. Collier* of Houston, for appellant.

*A. A. Dawson*, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder, the punishment assessed at death.

According to the state's testimony, appellant was standing on the sidewalk in the dark when deceased, Walter Taylor, came down the street. Without warning appellant shot deceased. Deceased ran a few steps and fell. Appellant followed him and shot him while he was lying in the street. Appellant's son was about the size of and resembled deceased, and on the occasion of the homicide wore clothing similar to that worn by deceased. It was the state's theory that appellant attempted to kill his son, because of domestic troubles which he, appellant, believed his son had brought about, and that on the occasion of the homicide he thought deceased was his son. Evidence in support of such theory was introduced by the state.

Appellant testified that he killed deceased because he had had improper relations with his, appellant's, wife.

There were no objections to the court's charge. Five bills of exception are brought forward.

Bill of exception No. 1 is concerned with appellant's contention that the court erred in permitting the District Attorney to ask appellant if his son had not prohibited him from beating his, appellant's, wife. The ground of objection was that the District Attorney was giving testimony. As far as the bill of exception is concerned no facts are stated therein which would negative the propriety of the question. The bill merely contains the question, the negative answer given by appellant and the ground of objection. In view of the fact that the extreme penalty was assessed we have consulted the statement of facts to determine whether error was committed in permitting the District Attorney to ask the question complained of. We are of the opinion that under the facts the question complained of was proper as against the objection made. If the conduct of appellant's son had been such as to create in appellant's mind ill-will and hatred toward him, the interference of his son with the mistreatment by appellant of his, appellant's, wife, would have supported the state's theory that appellant intended to kill his son at the time he shot deceased. Hence testimony to such effect would have had material bearing on the appellant's state of mind at the time the homicide was committed.

By bill of exception No. 2 appellant complains of the action of the District Attorney in tendering to him his wife as a witness. It was an issue as to whether appellant and his wife were living together. A defense witness testified that she had seen appellant shortly before the homicide in a rooming-house with a woman whom appellant claimed was his wife. Appel-

lant's wife being under process was at this juncture brought into the court room by state's counsel for the purpose of being identified by the witness. After having been identified by the witness, state's counsel tendered to appellant his wife as a witness. It was appellant's theory that he killed the deceased because of improper relations with appellant's wife, and in support of such theory he testified in effect that his wife had advised him that she and deceased were having illicit relations. It is thus seen that appellant's wife was in the position to support his contention that he killed deceased because of the fact that he had alienated his wife's affections and engaged in reprehensible conduct where she was concerned. It is the general rule that when it appears from the evidence that the wife of the accused knows facts which, if true, would be to his interest the state may comment in argument on the failure of the accused to produce his wife as a witness. Cole v. State, 243 S. W. 1100, and authorities cited; Coffey v. State, 131 S. W. 216; Branch's Ann. P. C., Sec. 372, and authorities cited. In the case of Cole v. State, supra, and Norwood v. State, 80 Tex. Crim. Rep. 563, exceptions to the rule last stated were noted. The facts of the instant case, however, are not within the exceptions announced in said cases. In Coffey, supra, in passing on the question under consideration here, the court was confronted with a similar state of facts. While under cross-examination the appellant in that case stated that he thought he could prove certain facts by his wife which were favorable to him. The state thereupon tendered to him his wife as a witness. This court, speaking through Judge Ramsey, said it found no reversible error in the action of the state and referred to the fact that it was well settled that argument and allusion can be made to the failure of the accused to use his wife as a witness. In the case of Holland v. State, 131 S. W. 563, the question now under consideration was discussed by Judge McCord and the action of the District Attorney in tendering to the accused his wife as a witness was held under the facts of the case not to constitute reversible error. However, it was stated in the opinion that the conduct of the District Attorney in the respect mentioned was improper and ill-advised. In the case of Moore v. State, 75 S. W. 497, the court held that the action of the District Attorney in placing the accused's wife on the witness stand and asking her questions proving or tending to prove that the accused had married her for the purpose of suppressing her testimony was prejudicial error in that it forced the accused to object to his wife testifying against him

and aided the theory of the state that the accused had married the witness for the purpose of suppressing her testimony. In Coffey, supra, in drawing a distinction between the facts of the Moore case and those then under consideration, Judge Ramsey said:

"But in that case counsel for the state went further, and not only placed Mrs. Moore upon the witness stand, but in the presence of the jury asked her certain questions concerning the facts of the case, with the result that Moore felt impelled and called upon to object to her testifying, and the proof went much further than merely showing that Moore's wife was present and able to give testimony if desired, but manifestly, while not in terms so stated, the court must have held that the facts in the Moore case were in legal effect a use of the wife against the husband as a witness."

We are of the opinion that the action of the District Attorney in tendering appellant's wife to him as a witness was not to be commended. However, the case of Coffey, supra, is direct authority for our holding in the instant case that such action on the part of state's counsel did not constitute reversible error. Under the facts of the case at bar we are unable to reach the conclusion that the tender of the wife of appellant to him as a witness could have been more harmful than allusion in argument by the state's counsel to his failure to use her as a witness.

By bill of exception No. 3 appellant complains of the action of the court in permitting his ten-year-old daughter to testify against him. The court's qualification of appellant's bill shows that the witness was thoroughly qualified. Hence, against the objection that the witness was not qualified on account of her age, the bill fails to manifest error.

Bills of exception Nos. 4 and 5 complain of the argument of the District Attorney. We are unable to agree with appellant that said bills as qualified manifest reversible error.

Finding no error warranting a reversal, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.