A. E. WINEMAN, ALIAS R. E. ROLLINS v. THE STATE.

No. 13059. Delivered March 5, 1930.
Rehearing denied April 16, 1930.
Reported in 26 S. W. (2d) 645.

The opinion states the case.

*Anderson & Jones* of San Angelo, for appellant.

A. A. *Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is bigamy; the punishment confinement in the penitentiary for four years.

Appellant married Emma Roessler in the state of Indiana in 1914. He and his wife lived together until June 6, 1922. On the date last mentioned appellant left the state of Indiana with Jessie Belding. They finally came to Texas, where they lived in adultery until appellant married a second time. On September 9, 1928 appellant married Adel Steffens. After coming to Texas appellant had assumed the name of R. E. Rollins. He married Adel Steffens under such assumed name. At the time of his marriage to Adel Steffens in Runnels County, Texas, appellant's first wife was living in the state of Indiana. They had not been divorced and were still legally married. Appellant did not testify in his own behalf, and the testimony of the state's witnesses was not controverted in any manner.

The state offered in evidence the marriage license issued to appellant and his first wife in the state of Indiana. Appellant's name was stated in the marriage license as Edward Wineman, Jr. In the indictment, he was named A. E. Wineman, alias R. E. Rollins. When the marriage license was offered in evidence appellant objected on the ground that there was a variance between the allegation in the indictment as to his name and the name disclosed by the marriage license. Appellant was positively identified by a witness for the state as being the person named in the marriage license. The uncontroverted proof showed that he had married Emma Roessler in Indiana by virtue of the authority contained in said marriage license. The objection was not well taken.

While Jessie Belding was testifying for the state she stated that she knew appellant's first wife and that she would be able to identify her. Counsel for the state requested that appellant's first wife be brought into the court room for identification by the witness. Appellant objected on the ground that to permit the witness to identify appellant's first wife in the presence of the jury would be tantamount to the use of the wife as a witness against her husband. The objection was overruled and the wife was brought in and identified by the witness. The matter presents no error. The wife was not used as a witness against appellant, and the mere act on the part of the prosecution in bringing her into court for the purpose of identification was not violative of the statute. Hearne v. State, 58 S. W. 1009.

Bill of exception No. 3 presents the following occurrence: While Jessie Belding was testifying in behalf of the state she was asked by the district attorney if appellant had a child. Appellant objected on the ground that the testimony expected to be elicited was irrelevant and immaterial, prejudicial and not germane to any issue in the case. The objection was overruled and the witness answered in the affirmative. We are unable to tell from the recitals of the bill whether or not the testimony was material. It is observed that Clara Webber, a witness for the state, testified to the same fact without objection on the part of appellant. In the state of the record, the bill fails to manifest reversible error.

It is shown by bill of exception No. 4 that Jessie Belding, a state's witness, testified that appellant's child and her child were kept together by the witness' mother in Indiana. It developed, upon examination by appellant, that the witness received her information from letters received from her mother. The testimony was attacked as being irrelevant, immaterial and hearsay. The testimony was hearsay, but we are unable to determine from the recitals in the bill whether its reception was harmful to appellant. Clara Webber testified without objection on the part of appellant that appellant's child and Jessie Belding's child were kept together by appellant's first wife in Indiana, and that Jessie Belding's mother often visited the children. Thus substantially the same testimony was in the record without objection. We are unable to reach the conclusion that reversible error is presented.

Omitting the formal parts, we quote bill of exception No. 5: "That while the witness Jessie L. Belding was testifying in behalf of the state, and having testified that the defendant had a child in

Indianapolis, Indiana, where it had been since the year 1922, when the defendant left Indianapolis, the witness was asked this question by the state: (Upon said witness having testified that she and the defendant had lived together most of the time since they left Indianapolis) 'Did the defendant ever inquire about the welfare of his child?' To which question and answer thereto the defendant objects for the reason that it is argumentative and prejudicial to the rights of the defendant, which objection was by the court overruled, and the witness was permitted to and did testify over his objection: 'No sir.' To which action of the court in permitting said questions and answers thereto, the defendant at the time excepted, and tenders his bill of exception No. 5, and asks that the same be approved and ordered filed as a part of the record herein, which is accordingly done." It appears from the bill of exception itself that the witness had testified that appellant had a child in Indiana. As far as the bill reflects the matter, the testimony of which complaint is made may have been relevant and material to some issue in the case. There is nothing in the bill in verification of the truth of the objection that the testimony was irrelevant and immaterial. The mere statement of the ground of objection is not a certificate of the judge that the facts forming the basis of the objection were true. It merely shows that such an objection was made. The bill of exception, to be sufficient, must manifest within itself the fact that error was committed. The bill fails to show enough of the surroundings. This court will presume that the ruling of the trial court was correct, unless the bill of exception shows otherwise. Buchanan v. State, 298 S. W. 569.

Appellant's second wife was named in the marriage license as Adel Stiffins. The proof showed that her name was Adel Steffens. Among other grounds, appellant objected to the introduction in evidence of the marriage license on the ground that there was variance between the names. We deem the objection untenable.

The state's witness was permitted to testify, over appellant's objection, that appellant had relatives in Indiana. We are unable to determine from the bill of exception that the matter inquired about was irrelevant and immaterial. None of the surroundings are set out in the bill of exception. The bill merely shows the question and answer and appellant's objection.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his contention that in having his first wife brought into the court room for the purpose of having a witness identify her in the presence of the jury was equivalent to using her by the state as a witness against appellant in contravention of Art. 714 of the Code of Criminal Procedure. To sustain appellant's contention would be to give too broad an application to the statute in question. The wife was not even *called* as a witness; the state's attorney merely requested that she be brought into the court room in order that a witness who was then upon the stand might identify her. Her mere presence in the court room had nothing to do with establishing her identity as the first wife of appellant; that was accomplished by the evidence of the testifying witness. The holding of this court in Hearne v. State, 58 S. W. 1009; Barra v. State, 50 Tex. Cr. R. 359, 97 S. W. 94 and Burton v. State, 51 Tex. Cr. R. 196, 101 S. W. 226, are thought to be directly against appellant's contention. That in principle the action of the court would not call for reversal is we think sustained by Coffey v. State, 60 Tex. Cr. R. 73, 131 S. W. 216; Holland v. State, 60 Tex. Crim. Rep. 117, 131 S. W. 563 and Chryar v. State, 4 S. W. (2d) 47. The facts do not bring the case within the scope of Moore v. State, 45 Tex. Cr. R. 234, 75 S. W. 497; Norwood v. State, 80 Tex. Cr. R. 563, 192 S. W. 248; Cole v. State, 92 Tex. Cr. R. 368, 243 S. W. 1100. As supporting his proposition appellant cites Williams v. State, 44 Ala. 28; Bassett v. U. S., 137 U. S. 505; Barber v. The People, 203 Ill. 547. None of them is in point on the exact question here presented. In all of them the first wife was actually *called* as a witness by the prosecution and gave evidence against accused.

It is not necessary to again discuss the other matters urged upon rehearing.

The motion for rehearing is overruled.

*Overruled.*