# JANUARY 24, 1945

WALTER HARRIS BELL, JR., v. THE STATE.

No. 22981. Delivered December 13, 1944.
Appellant's Motion for Rehearing Denied (Without Written Opinion)
January 24, 1945.

The opinion states the case.

*Tom Sanders,* of Houston, and *M. E. Gates,* of Huntsville, for appellant.

*A. C. Winborn,* Cr. Dist. Atty., and *E. T. Branch,* Asst. Cr. Dist. Atty., both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The offense charged being bigamy, and a punishment assessed at two years in the penitentiary.

Bill of Exceptions No. 1 is concerned with the introduction of a certified copy of the marriage license and return thereon showing the uniting in marriage of Mr. Walter Bell and Miss Lena Mae Hewitt on July 13, 1939, the main objection thereto being because it was not therein shown that Walter Bell and appellant were one and the same persons. It is shown by the sister of Lena Hewitt Bell that the man who married Lena Mae Hewitt on the 13th day of July, 1939, and the appellant were the same person, and that such sister was present at the ceremony. We see no error reflected therein. The middle name, as well as the "junior" can be rejected as surplusage, provided the identity is shown to be the same. Branch's Ann. P. C., page 239, Secs. 461 and 462.

With reference to bill of exceptions No. 2, there was a further marriage license issued authorizing the marriage of W. H.

Bell and Miss Deane Lehman of date February 26, 1944, and which an officiating minister testified he solemnized on February 26, 1944. Miss Deane Lehman also testified that she was married to the appellant at the home of a friend on the date of February 28, 1944, and she lived with him for three weeks.

The introduction of this marriage license was also objected to on the ground of a variance between the name of W. H. Bell and Walter Harris Bell, Jr., and also because of the variance in the date of February 26th, a witness testifying such date was February 28, 1944. What we have said above relative to bill No. 1 we think disposes of this bill also. It was shown by direct testimony that appellant was the same person who married Miss Deane Lehman by the lady's own testimony, which seems to be without objection made thereto. As to the variance in the allegation and proof as to the date the last marriage took place, Branch's P. C., page 231, says:

"The State is not bound by the date alleged and may prove that the offense was committed before or after the date alleged, if the date proven be a date anterior to the presentment of the indictment or information, and not so remote as to be barred by limitation."

Bill of exceptions No. 3 complains because of the following occurrence:

"While the sister of the former wife was testifying as a witness and had testified that her sister was present in the court house, the State had the former wife to step into the court room and her sister then testified that the lady who just stepped in the court room was her sister and the one she had been testifying about. The sister of the witness was not called to the witness stand, and no witness testified or was called to the witness stand other than the three witnesses whose testimony appears in the statement of facts."

This procedure was objected to, among other things, on the grounds that the exhibition of such person in the presence of the jury "resulted in itself in testimony before the jury that Mrs. Walter Harris Bell, Jr., was alive at the time of the alleged bigamous marriage; there being no other evidence or testimony in the record of this case that she was so alive at said time than the exhibition of her before the jury at the trial of this cause." The latter portion of this objection is not borne out by the record. We quote from the testimony of Mrs. James B. Robertson, a sister of Lena Mae Hewitt Bell:

"I know Lena Mae Hewitt. She is my sister. At present, she is living at Pasadena, Texas. Yes, my sister is here today."

The State doubtless followed the procedure herein complained of by virtue of the opinion in the case of Wineman v. State, 114 Texas Cr. R. 562, 26 S. W. (2d) 645, from which we quote:

"To sustain appellant's contention would be to give too broad an application to the statute in question. The wife was not even called as a witness; the state's attorney merely requested that she be brought into the court room in order that a witness who was then upon the stand might identify her. Her mere presence in the court room had nothing to do with establishing her identity as the first wife of appellant; that was accomplished by the evidence of the testifying witness. The holding of this court in Hearne v. State, 58 S. W. 1009; Barra v. State, 50 Tex. Cr. R. 359, 97 S. W. 94, and Burton v. State, 51 Tex. Cr. R. 196, 101 S. W. 226, are thought to be directly against appellant's contention."

Bill of exceptions No. 4 complains because it was shown by the State that a child was born to the first wife, Mrs. Lena Hewitt Bell, as the result of her marriage to appellant. There are numerous references to the birth of a baby to the first marriage throughout the record, to which no objections seemed to have been made. See Arsenau v. State, 145 Tex. Cr. R. 587, 171 S. W. (2d) 132. Again it is held in Waldrop v. State, 41 Tex. Cr. R. 194, that it was not error to show that a child was born of the first marriage. See Alberg v. State, 88 Tex. Cr. R. 177.

We see no error herein, and the judgment is therefore affirmed.