**Lorenzo SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41727.**

Court of Criminal Appeals of Texas.

Jan. 8, 1969.

Hurley & Sowder by Madison Sowder, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Tom M. Richards, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is passing as true a forged instrument with two prior convictions for non-capital felonies alleged for enhancement; the punishment, life.

The appellant contends that the trial court erred in overruling his motion to quash the indictment on the ground that it does not allege and the instrument set out therein does not show that he did any act which purported to be the act of another.

The indictment charges that Lorenzo Smith passed as true to Alfred J. Caviel a forged instrument. The alleged forged instrument set out in the indictment is a Travelers Express Money Order payable to Lorenzo Smith. The purchaser's name appearing on the right lower portion of the money order is Lorenzo Smith, Jr. There are no averments in the indictment that the alleged instrument purported to be the act of another. There are no explanatory averments in the indictment showing how the money order is in fact a forgery.

The suffix "Jr." does not form a part of a name. Its addition or omission is immaterial in criminal proceedings. 40 Tex.Jur.2d 381, Sec. 10; Bell v. State, 148 Tex.Cr.R. 64, 184 S.W.2d 635.

In order to be forgery, the instrument must purport to be the act of another. Art. 988, Vernon's Ann.P.C. "Another," as used in said article, includes all other persons, real and fictitious, "except the person engaged in the forgery."

Where the alleged forged instrument bears the same name or signature as that of the accused, it is essential that there be some explanatory averments in the indictment as would show that the instrument was in fact a forgery. 25 Tex.Jur.2d 565, Sec. 49; Carnahan v. State, 110 Tex.Cr.R. 550, 9 S.W.2d 1034; Carter v. State, 131 Tex.Cr.R. 277, 98 S.W.2d 200; Smith v. State, Tex.Cr.App., 379 S.W.2d 326.

The indictment is not sufficient to support the conviction.

The judgment is reversed and the prosecution under the indictment is ordered dismissed.

DOUGLAS, J., not participating.