JOHN FLETCHER v. THE STATE.

No. 1199. Decided May 24, 1911.

**Murder—Sufficiency of the Evidence—Insanity.**

Where, upon trial of murder, the evidence did not sustain defendant's contention that he was insane, although he was not very strong minded, and further showed a cruel and unnecessary homicide, a conviction for murder in the first degree was sustained.

Vol. LXII Crim.—27.

Appeal from the District Court of Anderson. Tried below before the Hon. B. H. Gardner.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder of his wife, and the jury allotted him a lifetime service in the penitentiary.

The evidence for the State is sufficient to show a cruel and very unnecessary homicide. A witness for the State testified that she saw the defendant shoot the deceased three times. "She was not doing anything. There was no one there but Aunt Harriet and me. They did not talk any when they met. Aunt Lizzie (deceased) asked Aunt Harriet was Mr. Wesley at home, and she told her no, and she turned around and came back, and after she got up to the trail and turned to go that way she asked Uncle John (defendant) to let Aunt Harriet go and get her clothes, and she would come back and go with him. He said no; she was going up the road, and he ran around and commenced shooting; he ran around some trees and commenced shooting; he shot Lizzie Smith with a double-barrel shotgun. I saw him fire the first shot; he put the gun to his shoulder and shot her. The second time he shot she said, 'Oh, John, do not shoot me any more; you have done broken my arm,' and he ran around and shot her again. She fell the second time he shot, and then he ran around and shot her again. She was lying on the ground when he shot her the last time. He put another shell in his gun and shot her the third time while she was down on the ground. The last time he shot her he shot her in the head. Then he ran off; he took his gun with him; he went away alone."

This sufficiently discloses the State's case on the main facts. There had been a separation between defendant and his deceased wife, and the inference from the evidence is that they were at the time living apart. Appellant introduced testimony seeking to show that his mind was unbalanced at the time of the killing. In other words, he sought to prove by witnesses that he was insane. The evidence does not sustain that contention as we understand the testimony of the witnesses. He was a negro of not very strong mind, and was moody and depressed at times, but he was employed in various matters and did his work reasonably well. The issue was submitted to the jury and they found against his theory of insanity, and we are of opinion correctly so.

There are no bills of exception in the record. We are of opinion

the evidence sustains the conviction, and the jury was justified in believing the defendant guilty.

The judgment is affirmed.

*Affirmed.*