HERBERT CRAVEN v. THE STATE.

No. 7450.    Decided November 29, 1922.

Rehearing denied January 31, 1923.

**1.—Murder—Manslaughter—Name of Deceased—Idem Sonans.**

Where the indictment was for the murder of Bennie or Benie Young, and the witnesses spoke of deceased as Benny Young, and one witness testified that deceased told him his name was Bennett Young, the same was idem sonans.

**2.—Same—Requested Charge—Practice on Appeal.**

Where the alleged requested charge was refused, but there was nothing in the record to indicate that such refusal was objectionable to defendant or that he reserved any exception thereto, there was no reversible error. Following, Fry v. State, 86 Texas Crim. Rep., 72, and other cases.

**3.—Same—Insanity—Charge of Court—Requested Charges.**

Where there was not sufficient testimony of insanity, but the court nevertheless submitted a requested charge thereon, there was no reversible error.

**4.—Same—Insanity—Weakness of Mind—Rule Stated.**

While the law forbids the punishment of one for an act done in a state of insanity, yet mere weakness of mind will not excuse an act that would otherwise be criminal; the weakness of mind must reach the stage that the

party does not know the difference between the right and wrong of the act done.  Following, Mitchell v. State, 52 Texas Crim. Rep., 37, and other cases.

**5.—Same—Sufficiency of the Evidence—Insanity—Presumptions of Sanity.**
Where the defendant was convicted for manslaughter and the evidence did not lead to the conclusion that the state of defendant's mind was such that he could not perceive between the right and wrong of the act in question, and the presumption being in favor of the sanity of the accused although there may have been testimony that his mind is not fully developed or that he is weak-minded, the conviction will be sustained, and the court's refusal to submit to the jury the issue of insanity is not reversible error.

Appeal from the District Court of Shelby.   Tried below before the Honorable Chas. L. Brachfield.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*D. M. Short & Sons,* for appellant.—On question of insanity, Berry v. State, 125 S. W. Rep., 580.

*R. G. Storey,* Assistant Attorney General, for the State.—Hogue v. State, 146 S. W. Rep., 905; Coffey v. State, 131 id., 216; Mitchell v. State, 106 id., 124.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Shelby County of manslaughter, and his punishment fixed at five years in the penitentiary.

The indictment was for the murder of Bennie or Benie Young. From the stenographic report of the testimony it appears that the witnesses spoke of deceased as Benny Young.  One witness testified that deceased told him his name was Bennett Young.  The name of the injured party as alleged in the indictment and that attributed to him by the witnesses seems idem sonans.

Our inference from the record in its present condition would be that special charges Nos. 2 and 3 were given by the trial court.  Special charge No. 4 appears to have been refused, but there is nothing on the bill as same appears in the record to indicate that such refusal was objectionable to the appellant, or that he reserved any exception to such action of the court below; nor does there appear any bill of exceptions complaining of the refusal of such charge.  This court holds that where there is nothing in the record neither on or a part of the special charge, and certified to by the court below, or in a separate bill of exceptions setting forth that an exception was taken to the refusal of the special charge, this court will have nothing before it for consideration in regard thereto.  Nichols v. State, 91 Texas Crim. Rep., 277, 238 S. W. Rep., 232; Fry v. State, 86 Texas Crim. Rep., 72, 215 S. W. Rep., 560; Reese v. State, opinion November 29, 1922.

Complaint is made of the manner in which the issue of insanity was presented. We have examined the statement of facts and would be in doubt as to there being testimony sufficient to raise the issue, but the trial·court seemed to think it necessary and, ·therefore, gave special charge No. 2 prepared by the appellant's counsel, and which seems to us a sufficient presentation of the law applicable to this issue.

Finding nothing in the record to call for a reversal, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

January 31, 1923.

MORROW, PRESIDING JUDGE.—The appellant renews his complaint of the failure of the court to instruct the jury upon the law of insanity.

Upon a re-examination of the record, this court has concluded that the condition of the record is such as to present the question for review. As prepared, the record is to some degree confusing, which accounts for this court declining to review the matter upon the original· hearing.

We give a synopsis of the evidence relied upon to present the issue. The appellant was nineteen years of age. His mother said that she had tried to teach him his letters and to send him to school; that she had him four or five years and that when he left her father's, she tried to put him into school but he could not learn; that he never learned his alphabet nor to count any more than a five-year old child.

The witness Bryan said·that the boy had worked for him, and had done plowing, hoeing and farm work; that when he was sent off to work, the witness had to go with him; that he would not do anything if sent alone.

Appellant's grandfather, a negro, sixty-five years of age, testified that he kept the boy until he was about fourteen years of age and sent him to school off and on for several years; that he learned nothing at school; that he did not know his letters and could not count as much as to a hundred; that he did not know how to do things except when told and shown; that when he went to the field to plow, unless someone went with him, he would do nothing and was liable to tear up the plow; that he was weakminded and could not remember the day of the week, month or year; that he requested the witness to let him go back to his father and mother. This he did when the appellant was fourteen years of age, and that since then the witness did not know what he did; that he called him weakminded.

The law forbids the punishment of one for an act done in a state of insanity. Penal Code, Art. 39. The presumption of sanity obtains and must be overcome by the preponderance of evidence. The test in this State is whether the accused had the capacity to distinguish

between the right and wrong of the particular act in question. Clark v. State, 8 Texas Crim. App., 359; Vernon's Texas Crim. Stat., Vol. 2, p. 18, and cases collated in note 1; Wharton's Crim. Law, Vol. 1, Sec. 50; Also Sec. 404, p. 561. Unless there was evidence of insanity in its legal sense, there was no issue upon that subject for the jury to decide. It is said by Mr. Branch in his Ann. Texas Penal Code, page 18, thus:

"Mere weakness of mind will not excuse an act that would otherwise be criminal; the weakness of mind must reach the stage that the party does not know the difference between the right and wrong of the act done."

This rule he deduced from the following authorities: Mitchell v. State, 52 Texas Crim. Rep., 37, 106 S. W. 124; Coffey v. State, 60 Texas Crim. Rep., 77, 131 S. W. 216; Cox v. State, 60 Texas Crim. Rep., 47, 132 S. W. 125; Fletcher v. State, 62 Texas Crim. Rep., 417, 138 S. W. 109; Cross v. State, 100 S. W. 213; Hogue v. State, 65 Texas Crim. Rep., 539, 146 S. W. 905; Woods v. State, 67 Texas Crim. Rep., 568, 150 S. W. 633; Douglass v. State, 73 Texas Crim. Rep., 385, 165 S. W. 933.

The evidence in the instant case apparently brings appellant's case within this rule. His mind was not fully developed. As stated by his grandfather, he was weakminded. But there is no direct evidence of his want of capacity to distinguish the right from wrong of the act done, nor do the circumstances attendant upon the homicide strengthen the appellant's case in that particular. In the case of Cox v. State, 60 Texas Crim. Rep., 473, Presiding Judge Davidson, in writing the opinion of this court, approved the charge given in the trial court in these words:

"Mere weakness of mind is no defense to crime, provided the party accused has sufficient reason to know the nature and quality of the act charged against him, and knew the difference between the right and wrong thereof."

In the instant case, we have been referred to and have discovered no fact or testimony leading to the conclusion that the state of appellant's mind was such that he could not distinguish between the right and wrong of the act in question, and if we properly comprehend the authorities in this State, they are to the effect that in the absence of evidence to the contrary, the presumption in favor of the sanity of one accused of crime prevails, although there may be proof that his mind is not fully developed or that he is weakminded. The rule is thus stated in the notes in Vernon's Tex. Crim. Stat., Vol. 1, p. 18:

"The law does not require, as the condition on which criminal responsibility shall follow the commission of crime, the possession of one's faculties in full vigor, or a mind unimpaired by disease or infirmity. The mind may be weakened by disease, or impaired, and yet the accused be criminally responsible for his acts."

The test of insanity is confined to the capacity to distinguish between the right and wrong of the particular act, and does not go to the capacity and will power of the person affected with insanity to restrain his actions." (Hurst v. State, 40 Texas Crim. Rep., 378.)

We have carefully re-examined the record and the argument of appellant's counsel and the precedents that have come to our attention, and we are constrained to the view that in refusing to submit to the jury the issue of insanity, the trial court was not in error.

The motion for rehearing is therefore overruled.

*Overruled.*