### Charlie Hickman v. The State.

No. 6890. Decided December 20, 1922.

Rehearing Denied February 14, 1923.

**1.—Assault to Murder—Requested Charges—Practice on Appeal.**
In the absence of exceptions reserved to the requested charges and their refusal, the same cannot be considered on appeal.

**2.—Same—Evidence—Cross-Examination—Bill of Exceptions.**
Where the bill of exceptions leaves the court in doubt as to what appellant was excepting to, and also fails to state what the answer of the witness would have been, the same presented no reversible error.

**3.—Same—Bill of Exceptions—Question and Answer Form.**
In the absence of a showing that the bill could not have been stated in narrative form, but required question and answer form, the same will not be considered on appeal. Following Jetty v. State, 90 Texas Crim. Rep., 346.

**4.—Same—Evidence—Comparative Strength of Parties.**
Where there was no issue as to the comparative strength of the parties, there was no error in the action of the court in excluding evidence that appellant was in poor health, and had been troubled with headaches, etc.

**5.—Same—Cross-Examination—Impeachment of Witness.**

Where the State was not seeking to disqualify the witness but to impeach him, there was no error in allowing the State to elicit from the defendant, on cross-examination, that he was under conviction for theft.

**6.—Same—Provoking Difficulty—Charge of Court.**

Where the issue of provoking the difficulty was unquestionably raised, there was no error in the court's charge upon such phase of the testimony, and that the court treated as an established fact such issue in formulating such charge, especially when taken in connection with the requested charge.

**7.—Same—Rehearing—Bill of Exceptions—Rule Stated.**

A bill of exceptions which does not contain a sufficient statement of the circumstances and issues leading up to or surrounding the rejected testimony, so that the court may be informed by the bill itself of some cause or reason relied upon by the defendant, as showing the validity of the objection made, the same cannot be considered on appeal.

**8.—Same—Rehearing—Leave to File Second Motion—Practice on Appeal.**

Where the second motion for rehearing fell short in all particulars required in such application, the same will not be granted.

Appeal from the District Court of Hunt. Tried below before the Honorable George B. Hall.

Appeal from a conviction of aggravated assault; penalty, a fine of $250, and six months imprisonment in the penitentiary.

The opinion states the case.

*H. L. Carpenter,* for appellant.—On question of provoking difficulty: Bell v. State, 20 Texas Crim. App., 445; Todd v. State, 44 S. W. Rep., 1096.

On question of refusal to hear defendant's exceptions: Bell v. State, 20 Texas Crim. App., 445; Singleton v. State, 216 S. W. Rep., 1194; Knox v. State, 167 id., 729.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Upon trial for assault with intent to murder Will Kingry, appellant was convicted of aggravated assault and punishment assessed at a fine of two hundred and fifty dollars and six months in the county jail.

Appellant was sales agent for a tea company, selling direct to housewives, including Mrs. Kingry. He had recently sold her some chinaware which she was to pay for by discounts on other purchases. The company desired to quit business in Greenville, and appellant called on Kingry, who was a barber, at his place of business to make a final adjustment of the claim against Mrs. Kingry. Some controversy occurred between them with reference to the matter and it was agreed that appellant should go, and he did go, to Kingry's home to see his wife, and then returned to the barber shop. Kingry still refused to pay the total amount appellant claimed to be due, but finally appellant accepted the amount tendered and gave a receipt therefor. Up to this time there

had been no quarrel. ·It is the State's contention that after Kingry paid the money appellant used some very vile and abusive language with intent to provoke Kingry to attack him; that after using such language appellant went out on the sidewalk, opened his knife, dropped it in his overcoat pocket and waited for Kingry to come out. Appellant contends that Kingry first used abusive language, and being angered thereat, but without any intent to provoke a difficulty or kill Kingry, appellant cursed Kingry, but immediately opened the door and left the barber shop in order to avoid and abandon any difficulty; that Kingry followed him out of the shop and made an assault upon him with a stick, whereupon appellant claims to have used his knife in self-defense.

Complaint is made at the refusal to give eight special charges. As copied in the record they are simply marked "refused." It does not appear over the judge's signature on the charges that exception was ·reserved to their refusal, neither are found bills of exception in the record preserving the point. ·In the recent cases of Linder v. State, (No. 6558, opinion Nov. 29, 1922), and Craven v. State (No. 7450, opinion Nov. 29, 1922), authorities are cited, and the rule stated relative to reserving exceptions to refusal of special charges. The refusal of the charges in the instant case cannot be considered.

Bill of exception number one presents a complaint as follows:

"While appellant was cross-examining a State's witness the question was asked, 'What was Kingry doing with that club he had?' "

The State objected to the form of the question because there was no proof there was any club. The court announced to the jury that they were not to be controlled by the questions nor by the way they were asked, but were to be controlled by the evidence, to which action of the court appellant excepted. The court sustained the objection and admonished appellant's counsel not to use the word club because there was no club in evidence, and the bill recites that appellant excepted to such action of the court. The bill leaves us in doubt as to what appellant was excepting to. If it was to the refusal of the court to permit the witness to answer the question, the bill is insufficient because it fails to state what the answer of the witness would ·have been. (Branch's Ann. P. C., p. 136, Sec. 52.) If complaint was at the statement made by the court in connection with his ruling, it fails to so show in the bill. In explaining his ruling the trial judge certifies that the question was later asked and answered and that the description of the witnesses shows that the instrument used by Kingry was a stick of some kind and some of the witnesses called it a club. The bill as found in the record presents no error.

Bill No. 2 consists of seventeen questions and answers. The point is not the form of the questions. In the absence of that issue, the bill ought to present the evidence in narrative form. Jetty v. State, 90 Texas Crim. Rep., 346, 235 S. W. Rep., 589; Alley v. State, 92 Texas Crim. Rep., 194, 241 S. W. Rep., 1024; Smith v. State, 92 Texas Crim.

Rep., 300, 244 S. W. Rep., 138. For collation of authorities, see. also, Reese v. State (No. 6806, opinion Nov. 29, 1922).

Appellant complains at the action of the court in excluding evidence that appellant was in bad health, had been troubled with headaches, and was not able to do physical labor. (Bills 3 and 4.) The court certifies there was no issue as to the comparative strength of the parties. After a careful review of the facts we are unable to discover the pertinency of the excluded evidence to any legitimate issue.

Upon cross-examination of appellant the State elicited from him that he was under conviction for theft of an automobile. Objection was urged because there existed better evidence of such conviction. The objection was not tenable. The State was not seeking to disqualify the witness but to impeach him. (Branch's Ann. P. C., Sec. 167.)

Appellant objected to the court's charge for including therein the issue of provoking the difficulty at all, and also to the manner of its submission. Objection was also urged to the charge upon various other grounds. The issue of provoking the difficulty was unquestionably in the case. The State's evidence shows that appellant, as he was leaving the barber shop, used language of the vilest character toward Kingry which was well calculated to cause him to resent it; that appellant anticipated that very result is shown by the State's evidence; he stopped just outside of the barber shop, opened his knife and held it so open in his overcoat pocket, apparently waiting for and expecting Kingry to come out. When he did appear and struck or attempted to strike appellant with a stick, the knife was used by him, inflicting serious wounds. It was undisputed that the first overt act was by Kingry striking or attempting to strike with the stick, and the court treated it as an established fact in formulating the charge.

We deem it unnecessary to set out or to review the language of the court's charge. We think it not subject to the criticism directed at it, and that in connection with the special charge given at appellant's request, it fully protected his rights and submitted the law both for the State and appellant in a full and fair manner.

Finding no error in the record calling for a reversal, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING

January 31, 1923.

LATTIMORE, JUDGE.—Appellant insists that we should have considered his bill of exceptions No. 2, and calls attention to what, in his opinion, differentiates said bill from those ordinarily consisting of questions and answers. Renewed inspection of said bill discloses that it presents evidence offered by appellant and heard by the trial court in the absence of the jury, and that all the questions and answers set out in the bill were, by agreement, embraced in the bill in the form

that same are here presented, and the further fact that the same objection was urged by the State to each question asked. As contended by appellant, this might be deemed but one objection made to the entire testimony set out and as presenting but a single issue upon which the evidence offered, was rejected. However, the bill appears well within the settled rule holding that this court will not consider any bill of exceptions which does not contain a sufficient statement of the circumstances and issues leading up to or surrounding the rejected testimony, so as that this court may be informed by the bill itself of some cause or reason relied upon by the appellant, as showing the validity of the objection made. The instant bill merely sets out the testimony, the objection thereto, that this was sustained, and that such action was complained of as erroneous. The existence of no issue of fact to which the rejected evidence might be relevant, is averred. No statement of issues existing or arising in the case to which such evidence might become material, appears. The evidence set out obviously sheds no light on the proposition as to whether there was an assault committed by appellant, or any apparent defense against any assault made by the injured party, and viewed from this standpoint, we would decline to consider the matter set out in said bill, and see no need for further discussion of the objection which was sustained by our original opinion.

Believing the case properly disposed of under the original hearing, the motion for rehearing will be overruled.

*Overruled.*

OPINION ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

February 14, 1923.

LATTIMORE, JUDGE.—Appellant presents an application for leave to file second motion for rehearing. Second motions for rehearing will not be considered by this court, nor leave granted to file same, unless there be a sufficient showing in such application of the fact that in its original opinion, or opinion upon the motion for rehearing, the court has omitted to consider some matter, which from the statement thereof in such application is made to appear to this court so vital to the proper disposition of the case as to lead us to conclude that we erred in failing to consider same; or else such application must present such facts, arguments or citations in reference to some matter decided in the original opinion or that upon rehearing, as will lead this court from an examination of the application to conclude that our decision in such regard was so far wrong as that its correction would entitle the appellant to a second rehearing.

The application of appellant in this case falling short in all the particulars above set out, same will not be granted.

*Refused.*