### D. G. BROOKS v. THE STATE.

No. 7344.    Decided January 17, 1923.

**Transportation of Intoxicating Liquor—Requested Charges.**

In the absence of bills of exception, the refusal of special charges, the matter cannot be considered on appeal. Following Nichols v. State, 238 S. W. Rep., 232, and other cases, and the evidence supporting the conviction the judgment is affirmed.

Appeal from the District Court of Dickens. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for the appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor, with the punishment assessed at one year confinement in the penitentiary.

On the day of the alleged offense there had been a picnic or gathering of some kind at McAdoo at which there was quite a crowd of people. Appellant was seen about the picnic grounds during the day but had left with one W. G. Mayfield and according to appellant's testimony they had gone to Crosbytown. For some reason not disclosed from the record the sheriff and his deputies were out on the road some four or five miles from the town of McAdoo about eleven o'clock that night, and seeing the lights of an approaching car had switched the lights of their own car out. As the car in which appellant and Mayfield were traveling approached nearer to the sheriff's car he switched the lights on, and Mayfield, who was driving, was not able to stop his car until he got up to within eight or ten feet of where the sheriff was standing. Appellant was seen to take two half-gallon fruit jars and hold them over the side of the car and strike them together, causing both to break. The sheriff immediately went to that side of the car and found whisky running off the running board in a stream and some in the lids of the fruit jars and other portions of the broken glass where it could still be contained. Appellant claims that Mayfield purchased one of the jars of whisky from two men whom they found at a creek on the way from Crosbytown returning to McAdoo, and it being strong he (appellant) filled up another quart bottle with water; that one of the bottles broken was this bottle of water. Mayfield being present in court and under the rule, was neither called by the State or appellant.

We find in the record five special charges which the court declined to give. It appears over the trial judge's signature that they were "refused;" but no exception is shown upon the charges themselves because of such refusal, and no bills of exception appear bringing the matter forward for review. The attorney for the State insists that in such state of the record the refusal of the special charges cannot be considered. His contention must be sustained. Barrios v. State, 83 Texas Crim. Rep., 548, 204 S. W. Rep., 326, and many authorities collated in the opinion; Nichols v. State, 91 Texas Crim. Rep.,

277, 238 S. W. Rep., 232. On account of apparent confusion upon the question, we undertook in the recent cases of Linder v. State (No. 6558), and Craven v. State (No. 7450), (opinions in both cases of date November 29, 1922) to state the proper procedure.

We believe the evidence sufficient to support the conviction, and there being nothing in the record subject to consideration which would call for a reversal of the case, the judgment is ordered affirmed.

*Affirmed.*