### JIM HENDERSON v. THE STATE.

#### No. 7656. Decided March 28, 1923.

#### Denied May 2, 1923.

**1.—Burglary—Requested Charge—Practice on Appeal.**

In the absence of an exception to the refusal of a requested charge or indorsement on same, the same cannot be considered on appeal. Following Craven v. State, 247 S. W. Rep., 515, and other cases.

**2.—Same—Jury and Jury Law—Freeholder—Householder.**

Where the record on appeal showed that the said juror was a citizen of the State and a householder in the county at the time of the instant trial, there was no error; besides, the appellant would not be entitled to a new

94 T. C.—7

trial by reason of the facts stated in the affidavit. Following Squyers v. State, 242 S. W. Rep., 1024.

### 3.—Same—Sufficiency of the Evidence—Private Residence.

Where, upon trial of burglary of a private residence with intent to commit theft, the evidence supported the conviction, there is no reversible error.

### 4.—Same—Intent to Commit Theft—Rule Stated.

The intent with which the defendant entered the house is a question of fact for the jury, and when the charge is that the entry was made with the intent to commit theft, and the jury have found that such entry was made with such intent, the conviction will ordinarily be sustained.

### 5.—Same—Rehearing—Intent to Commit Theft.

In burglary cases, the intent to commit theft may be inferred from the surrounding circumstances, and when a person enters the building at night and no explanation is given of his intent, it may well be inferred that his purpose was to commit theft. Following Moore v. State, 52 Texas Crim. Rep., 366. Distinguishing Freeman v. State, 86 Texas Crim. Rep., 231; Sedgwick v. State, 67 Texas Crim. Rep., 420.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of burglary of private residence with intent to commit theft; penalty, five years imprisonment in the penitenitary.

The opinion states the case.

*Lattimore* and *Birmingham & Chas. Roach,* for appellant.—Cited cases in the opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for burglary of the private residence of Lela Finney with intent to commit theft. Punishment was fixed at five years in the penitentiary.

The charge of the court was not excepted to. One special charge was requested, the refusal of which can not be reviewed. The special charge does not show exception because of its refusal, and no bill to that effect appears in the record. Craven v. State, 93 Texas Crim. Rep., 328, 247 S. W. Rep., 515, Brooks v. State, 93 Texas Crim. Rep., 206, 247 S. W. Rep., 517, Hickman v. State, 93 Texas Crim. Rep., 407, 247 S. W. Rep., 518.

In the motion for new trial complaint is made that N. P. Duke, one of the jurors, was not a citizen of the State of Texas, nor a freeholder in the State, nor a householder in the county at the time he served on the jury. The affidavit of the juror is attached to the motion in which he does not undertake to set out the facts, but contains the statement that at the time he served on the jury "he was

not a citizen of the State of Texas, but at said time was a citizen and resident of the State of Oklahoma.'' This ground of the motion was controverted by the State. Attached to such controversion are the affidavits of W. R. Bills, a neighbor of the juror Duke, and that of R. D. Duke, his son. The controverting affidavits state the facts and show that said juror was a citizen of the State of Texas and a householder in Lamar County at the time of the instant trial. An issue of fact having been raised with reference to the matter upon hearing the motion, and the court having decided it in favor of the the State we would be bound thereby under the circumstances presented in this record. Even if the affidavit of the juror Duke should be taken as true we do not believe under the authority of Squyres v. State, 92 Texas Crim. Rep., 160, 242 S. W. Rep., 1024 and authorities therein cited that appellant would be entitled to a new trial by reason of the facts stated therein.

The only other contention is that the verdict is not supported by the evidence. Appellant and all the parties involved were negroes. On the night of the alleged burglary Lela Finney attended some religious services with a neighbor woman. At the time they left the house of the latter appellant was present and inquired where they were going, and was informed they were going to church. In a few minutes after they had gone a noise at the house of the Finney woman attracted a neighbor woman's attention. She discovered some one tearing the screen off a window, and saw him raise the window and enter the house. She immediately sent a party to notify Lela Finney, who returned, and appellant made his escape out the back door. It appears that an effort had been made to effect an entrance at the back of the house, the screen on that door also having been cut. No property was taken. A rug on the floor appeared to have been rolled up and some chairs overturned. The officers who arrested appellant testified that he had been drinking and was to some extent intoxicated. A white lady for whom appellant worked testified that he was so drunk he was not able to wash the dishes and she had sent him home. The two negro women who saw him immediately before the burglary at the time he learned that Lela Finney was going to church testified that they saw nothing in his conduct at that time to indicate that he was intoxicated. The evidence discloses that he seemed to have had no trouble in making a rapid exit from the house when Lela Finney and other parties reached there after having been informed that some one had broken in.

The court pertinently charged the jury that if appellant entered the house for any other purpose than to commit the specific crime of theft, or if the jury entertained a reasonable doubt upon this point, they should acquit him. In Section 2344, page 1281, Branch's Ann. Pen. Code, is the following announcement of the general rule incident to the question being considered.

"The intent with which the defendant entered the house is a question of fact for the jury, to be gathered from all the circumstances of the case. When it is alleged that the burglarious entry was made with intent to commit theft, and the jury have found that such entry was made with such intent, and such finding has been approved by the trial court, the judgment of conviction will ordinarily be sustained if there is nothing in the testimony to indicate that such entry was made with any other intent."

The authorities collated by Mr. Branch support the statement just quoted, and seem to be applicable to the instant case.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 2, 1923.

MORROW, Presiding Judge.—The case of Freeman v. State, (218 S. W. Rep., 878, 86 Texas Crim. Rep., 331), and other cases to which appellant refers in his motion for rehearing are ones in which the evidence suggested that the entry was for a purpose other than theft. For example: in Freeman's case, there were two women in bed near the window through which Freeman attempted to enter. He was familiar with the surroundings and as stated in the opinion, the evidence was probably more cogent to establish an intent to rape than to steal. A similiar state of facts is revealed by the record in Sedgwick's case, 57 Texas Crim. Rep. 420. So in Mitchell's case, 33 Texas Crim. Rep. 575, the accused entered the house and caught hold of the foot of the girl who was asleep therein. She raised an alarm and he fled. A similar state of facts was also before the court in Moore's case, 37 S. W. Rep. 747. In the case in hand, Lela Finney, the owner of the house, was not at home. This was known to the appellant. The theory that he made the forcible entry for an assignation with Lela Finney is nullified by the knowledge on the part of the appellant that she was away from home. Moreover, on her arrival he fled. There was some disarrangement of the property, including the rolling or folding of a rug which may or may not have been done in preparation for its removal. It is believed that the facts bring the case within the principle declared in Love's case, 82 Texas Crim. Rep. 412, in which reference is made to a quotation by Judge Davidson of this court in the opinion in Alexander's case, 31 Texas Crim. Rep. 359. The quotation reads thus:

"Though there was no direct evidence of the intent, it might be inferred from the surrounding circumstances. The weight to be given to these was a question properly left to the jury; and when a person enters a building through a window at a late hour of the

night, after the lights are extinguished, and no explanation is given of his intent, it may well be inferred that his purpose was to commit larceny, such being the usual intent under such circumstances.''

Moore's case (52 Texas Crim. Rep. 366) which was written by the same judge that prepared the opinion in Sedgwick's case relied on by appellant, illustrates the distinction to which we have adverted. It was held that the proof showing the intent to have been evil, its purpose was discernible from circumstances and that the jury hearing the evidence and having concluded it to be sufficient to repel any intent save that of theft, was not to be disturbed on appeal. The facts in that case were conceived to be no stronger in favor of the State than those of the instant case.

The motion for rehearing is overruled.

*Overruled.*