### Joe Churchwell v. The State.

No. 7222.  Decided April 18, 1923.

Rehearing denied June 20, 1923.

**1.—Burglary—Requested Charges.**

In the absence of a notation upon the requested charges themselves over the judge's signature, showing that exception was reserved or formal bills of exception, the same cannot be considered on appeal. Following Hickman v. State, 247 S. W. Rep., 518.

**2.—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence is sufficient to support the conviction, there is no reversible error; and the fact that defendant returned the property upon discovering the officers would not relieve his guilt.

**3.—Same—Rehearing.**

Where, upon motion for rehearing, appellant contended that the evidence was insufficient to support the conviction, the court, after a reconsideration of the evidence and the record, must overrule the motion for a rehearing.

Appeal from the Criminal District Court of Tarrant.. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. E. Myres,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted for the burglary of a house occupied by E. O. Scribner, punishment being assessed at two years in the penitentiary.

Two special charges were refused. There is no notation upon the charges themselves over the judge's signature showing that exception was reserved to such refusal; neither are there formal bills of excep-

tion bringing the matter forward for review.  Craven v. State, 93 Texas Crim. Rep. 328, 247 S. W. Rep., 515; Brooks v. State, 93 Texas Crim. Rep., 206, 247 S. W. Rep., 517; Hickman v. State, 93 Texas Crim. Rep., 407, 247 S. W. Rep., 518.

It is contended that the evidence is insufficient to support the verdict.  The facts are unusual.  Scribner was the proprietor of a place of business situated on West Weatherford Street in Fort Worth.  On the night of November 23d he closed up his place, the doors being fastened with a Yale lock with a hasp and staple.  The next morning the hasp was broken loose and hanging.  Things in the store were generally disarranged.  About twenty-four cartons of cigarettes were missing, sixteen cartons of Camel cigarettes, two cartons of "111" cigarettes and the remainder were Chesterfields.  Appellant had been seen by Scribner about his place of business several times.  He was there on the day previous to the alleged burglary.  No marks were on the cartons by which witness could positively identify them.  Those exhibited upon the trial compared approximately to those lost with reference to the brand and the quantity of each particular brand.  Richardson and Lewis were peace officers in the city of Fort Worth.  About daylight on the morning of November 24th these officers who were together saw appellant come out of an alley back of Scribner's store on to Burnett street.  He had under his arm a good size bundle wrapped in white cloth of some kind.  The officers were about thirty yards from appellant at the time he started out of the alley.  He turned immediately and ran back.  Lewis went through the alley after appellant.  Richardson turned and went back toward the front of the store on to Weatherford street.  When Lewis ran into the alley appellant had disappeared.  The evidence shows there were two ways by which a party could get from the alley into which appellant ran to Scribner's store, one by going across a vacant lot into the side alley, and the other up the side alley the whole length of the half block, coming out on Weatherford street by the side of a building situated next to the one occupied by Scribner.  After Richardson reached Weatherford street he met appellant some thirty or fifty feet from Scribner's store.  He did not have any bundle in his possession at that time.  He was arrested by Richardson.  After Lewis came up they took him back to the alley where they had first seen him and looked for the bundle.  They later found the bundle inside of Scribner's store.  It contained twenty-four cartons of cigarettes.  The officers took charge of the bundle and turned it over to the district attorney.  It was shown to be the same package brought into court and exhibited to Scribner.  When found by the officers at Scribner's store it was tied up just as it was brought into the court room.  The front door of the store was standing open, the lock having been broken.  The bundle of cigarettes was found near the back of the store on the floor.  It is apparent from the foregoing statement that

if appellant's conviction can be sustained it must be upon proof that the bundle carried by him at the time the officers discovered him coming out of the alley back of the burglarized store was the same bundle afterward found by the officers in the store, where he had presumably replaced it after discovering the presence of the officers. Upon that point we quote the testimony of officer Lewis:

"When he (appellant) came to the mouth of the alley I could see him. He was facing west when I saw him. We were south of him. He turned and went back in the alley. I then went in the way he went back in; I went down the alley he went down. When I got to the alley I could not see him. I next saw him when the other officer caught him and arrested him around on the street. I went through the alley. I was running. When I got around there the other officer had him arrested. When I saw him come to the mouth of the allley he had a big white bundle under his arm. I later saw that bundle. *  *  *  * When I started toward the mouth of this alley when I first saw him I run. When I got there I didn't see him any more. *  *  *  * I first saw him at the mouth of the alley. He had a white bundle under his arm. The next time I saw him officer Richardson had him arrested. He didn't have it then. We were both in Scribner's place when we found that bundle. We found it together. It was about twenty or twenty-five minutes from the time this boy was arrested by Mr. Richardson before we found the bundle in Scribner's place."

Appellant offered no testimony whatever. The officers searched the alley and the premises back of the store, and failed to find what had become of the bundle in appellant's possession. Upon discovering the door of Scribner's store open and the lock broken they entered and found the bundle of cigarettes upon the floor. As we understand the evidence Lewis identifies the bundle found as that in the possession of appellant at the time he was first detected coming from the direction of the burglarized store. The fact that he returned the property to the store upon discovering the officers would not relieve him of the offense of burglary already committed.

While the facts are out of the ordinary, we believe they are sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 20, 1923.

LATTIMORE, JUDGE.—Appellant moves for a rehearing in this case on the ground of the insufficiency of the testimony and the refusal of a special charge instructing the jury that if they had a reasonable doubt as to whether the property claimed by the State to be that taken from the burglarized house was the property which

in fact had been theretofore taken from said house, they would not consider the cigarettes exhibited to them as any evidence against appellant. The evidence shows that the house referred to in the indictment was broken and entered on the night in question. It was a store-house and the property taken was a considerable number of cigarettes of three different brands. Appellant was in and around said place on the afternoon preceding the night of the burglary. There was an alley by the side of or back of said store building. Officers saw appellant on the night of the burglary near the mouth of said alley with a large package or bundle under his arm. He ran. One officer went around to another entrance to the alley and there met and arrested appellant who apparently had run back through the alley past the alleged burglarized store. When arrested appellant did not have the package or bundle had by him when first seen. Sitting just inside the alleged burglarized store when it was next visited was found a large package or bundle containing cigarettes of the three brands mentioned as taken from the burglarized house. We do not think these facts lacking in that cogency deemed necessary to support a conviction for burglary. The charge of the court told the jury that if they had a reasonable doubt as to the guilt of the accused he should be acquitted. There seems small room for doubt as to the proposition that the package seen in possession of the appellant was that shortly thereafter found in the burglarized house and which contained the property taken from the shelves of the proprietor.

Finding no error in the original disposition of the case, the motion for rehearing will be overruled.

*Overruled.*