ARTHUR SMITH v. THE STATE.

No. 7115.    Decided April 25, 1923.

Rehearing Denied June 20, 1923.

**1.—Theft—Evidence—Suspended Sentence.**

When an application for suspended sentence is presented and the reputation of the accused as a peacable, law-abiding citizen makes an issue, the test is his present reputation, and there was no error in not admitting testimony that defendant's general reputation as a law-abiding citizen was good prior to his return from the army. Following Wilson v. State, 83 Texas Crim. Rep., 26, and other cases.

**2.—Same—Evidence—Suspended Sentence.**

The law of a suspended sentence is bottomed on the hope of reformation of the offender, and there was no error in not permitting defendant to show that he was not of the highest order of mentality, and was easily persuaded and influenced by other persons.

**3.—Same—Rehearing—Suspended Sentence.**

Where defendant's application for rehearing cited no authority with regard to the views of the court expressed in the original opinion with reference to suspended sentence, and the reputation of defendant, the same must be overruled.

Appeal from the District Court of Gillespie. Tried below before the Honorable J. H. McLean.

Appeal from a conviction of theft over the value of fifty dollars; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*A. W. Moursand, A. P. C. Petsch, W. C. Linden,* for appellant.

R. G. Storey, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Gillespie County of theft of property of the value of more than fifty dollars, and his punishment fixed at three years in the penitentiary.

Appellant was tried in February, 1922. Complaint is made of the fact that he was not allowed to show that his general reputation as a law-abiding citizen was good prior to his return from the army. This was offered as bearing upon his application for a suspended sentence, appellant having pleaded guilty to the offense charged. The testimony was offered from witness Townsend and may be discussed in connection with further testimony offered from witness Fowler to the effect that appellant's general reputation as a law-abiding citizen was good prior to July 1921, that being about the date of a burglary committed by appellant and some associates, which fact was not denied.

When an application for suspended sentence is presented and the reputation of the accused as a peaceable, law-abiding citizen made an issue, the test is his present reputation. Wilson v. State, 83 Texas Crim. Rep. 26; Wagley v. State, 87 Texas Crim. Rep. 504, and as we understand the instant record, it was not denied that since the burglary above mentioned some months prior to the theft charged in the instant case, appellant's reputation in this regard had been bad. This being true, we are of opinion that the contention now before us in regard to the admission of the above testimony is unsound. We do not wish to be understood as holding that where the accused has moved from place to place that he may be denied the privilege of proving his reputation by separate witnesses for each time and place of his habitation. Such practice would be permissible, but in a case like this where no witness is offered to show good reputation at the time of trial or up to the commission of the instant offense, and it is admitted that at such time his reputation is bad, it is not erroneous to reject testimony which seeks to carve out of the past life of the accused a certain period and prove good reputation therein. We are cited to no authority and know of none holding such course proper.

We do not believe the trial court was called upon to permit appellant to show that he was not of the highest order of mentality. Appellant offered testimony the effect of which would have been to show him a person easily influenced by his associates. The law of a suspended sentence is bottomed on the hope of reformation of the offender, and certainly evidence whose tendency would be to show that the accused was one easily persuaded to crime by any criminal, would not strengthen the belief on the part of the jury that to give him a suspended sentence would reform him.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 20, 1923.

LATTIMORE, JUDGE.—Appellant urges that we erred in upholding the action of the trial court in the two matters discussed in our original opinion. No authorities are cited in support of the motion. We have again reviewed each proposition. We think it unsafe to vary from the established rules of procedure in applying the law in the trial of cases under recent enactments. A tendency to let down the bars or open wider the gates for the admission of evidence upon the issue of suspended sentence, is observed in some of the authorities. We have endeavored to correct such tendency as far as we may. Johnson v. State, 91 Texas Crim. Rep., 582, 241 S. W. Rep. 484. In the case of Wagley v. State, 87 Texas Crim. Rep. 504, a bill of exceptions was taken to the refusal of the court to permit the accused to detail certain phases of his conduct subsequent to the offense, it being stated that he would testify that in the two years and a half since the killing he has been engaged in providing for his family on his farm, and in doing certain work for the government, and that during said time he had been engaged in only legitimate occupations, and had not been in any trouble of any kind or character since the killing. It was insisted that the refusal of testimony of this kind so abridged the rights of the appellant and the probability of his obtaining a suspended sentence at the hands of the jury as to require a reversal of the judgment. We held that testimony of that character is not made admissible by the suspended sentence law and would not go to establish the reputation of the appellant. In Craven v. State, 93 Texas Crim. Rep., 328, 247 S. W. Rep. 515, we discussed the proposition that the accused was not entitled to complain here because of the rejection of testimony to show that he was of weak mind, such weakness not reaching the point where he would not know the difference between the right and wrong of the act charged, and we upheld the lower court in rejecting such testimony. Many authorities are cited in the latter case mentioned and the subject is gone into at some length. More mature consideration of the questions involved herein but convinces us of the correctness of our ruling in the original opinion. It being admitted that one is of bad reputation for honesty and fair-dealing at the time of the trial,—we see no reason for admitting proof that at different times in his past life, and possibly in different communities, he has borne a different reputation from that now had by him at the time of the trial.

The motion for rehearing will be overruled.

*Overruled.*