J. C. Truelove was convicted of enticing a minor from the custody of her father, and he appeals. Affirmed.

W. M. Tidwell, of Ennis, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Appellant is under conviction for enticing a minor from the custody of her father; his punishment being assessed at a fine of $25.

The judgment recites that appellant, after being duly admonished of the consequences thereof by the court, entered a plea of guilty to the charge, waived a jury, and submitted his plea to the court, and upon such plea of guilty the fine was assessed. Appellant filed a motion for new trial, in which he asserts that he did not intend to enter a plea of guilty, but only desired to ascertain what the fine and costs would be in the event he did enter such plea. Attached to the motion are two affidavits. The state calls attention to the fact that the motion for new trial and also the affidavits are sworn to before appellant's attorney, and urges that for this reason neither the motion nor the affidavits should be considered.

[1] If the evidence heard on the motion should be considered, it is not sufficient in our opinion to impeach the judgment upon appellant's plea of guilty. We do not regard the contention that the young lady may have left the home of her father voluntarily as any defense to the charge that appellant enticed her away. If she had been taken away forcibly, the offense might have been abduction and not that of enticing a minor.

[2] The two bills of exception complaining of the testimony of two witnesses as to what appellant said to them are without merit. They relate to testimony taken upon the motion for rehearing. The objection that the statements were made by appellant while under arrest is not tenable. The witnesses were testifying, not upon the issue of his guilt, but were combating his averments that he did not understand he was entering a plea of guilty.

The judgment is affirmed.

---

## RAMBO v. STATE.  (No. 7431.)

(Court of Criminal Appeals of Texas.   Oct. 24, 1923.   Rehearing Denied Dec. 12, 1923.   On Application to File Second Motion for Rehearing, Jan. 23, 1924.)

1. **Intoxicating liquors** ⟠216—Averments as to character of beverage sold held sufficient.

An indictment charging the sale of liquor "capable of producing intoxication" sufficiently charges a law violation.

2. **Intoxicating liquors** ⟠19—Statute prohibiting sale not invalid because of provision against suspended sentence.

That the law forbidding the sale of intoxicating liquor denies to violators thereof over the age of 25 years the right of a suspended sentence does not render it invalid.

3. **Criminal law** ⟠459—Objection to testimony as to intoxicating qualities held without merit.

Objection to testimony as to the intoxicating quality of liquor, on the ground that the witness was not qualified as an expert, held without merit.

4. **Criminal law** ⟠1120(5)—Exception to evidence not showing its connection with case held not to present error.

In a prosecution for the sale of intoxicating liquor, an exception complaining of the admission of testimony that a witness had previously seen and repaired a container and coil shown him, and that he had talked with defendant in regard to repairing the coil, held not to present error, in the absence of any showing of surrounding circumstances.

5. **Criminal law** ⟠982—Refusal to submit issue of suspended sentence held not error.

Where defendant, accused of the sale of intoxicating liquor, is concededly more than 25 years of age, and therefore not entitled, under the statute, to the benefit of a suspended sentence, refusal of the court to submit the issue of such right is not error.

On Motion for Rehearing.

6. **Criminal law** ⟠1120(5)—Exception complaining of evidence not certifying to facts showing its inadmissibility held not to present error.

Exceptions complaining of the reception of testimony that the defendant had been seen helping operate a still on premises other than his own, and that a still had been found on such premises, but not certifying to any facts rendering such testimony inadmissible, and the mere statement of the grounds of objection not sufficing for that purpose, do not present error.

7. **Criminal law** ⟠1122(1)—Refusal of requested charge held not to present error.

Refusal to give a requested charge does not present error, where such charge as it appears in the transcript bears no indorsement of the judge, is silent as to when it was presented, does not show whether it was given or refused, and where the record contains no separate bill of exceptions curing such defects and bringing the matter forward for review.

8. **Criminal law** ⟠1184—Appellate court held empowered to reform judgment and apply verdict to particular count of indictment.

Where a verdict found defendant guilty, under two counts of an indictment, first, of selling liquor, and, second, of furnishing liquor to the same person, and where the judgment following the verdict condemned defendant as guilty of both selling and furnishing liquor, held, that the appellate court, under Code Cr. Proc. 1911, art. 938, had the right to reform the judgment and apply the verdict to the count

of the indictment charging the sale; the offense of furnishing liquor being included therein.

Appeal from District Court, Burnet County; J. H. McLean, Judge.

G. Rambo was convicted of selling intoxicating liquor, and he appeals. Affirmed.

F. H. Hammond, of Burnet, and J. F. Murray, of Runge, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. From a conviction in the district court of Burnet county for selling intoxicating liquor, appellant brings this appeal.

The facts are amply sufficient to support the conclusion of the jury, and will not be further discussed.

[1] By his first bill of exceptions, appellant complains of the overruling of his motion to quash the indictment, based on the proposition that to charge a sale of liquor "capable of producing intoxication" does not charge a violation of the law. This question has been decided adversely to appellant's contention. Tucker v. State (Tex. Cr. App.) 251 S. W. 1090.

[2] Complaint is also made because the law forbidding the sale of liquor seeks to prevent a person over the age of 25 years from obtaining the benefit of a suspended sentence, when charged with a violation of said law. This contention has been decided against appellant in the case of Davis v. State, 93 Tex. Cr. R. 192, 246 S. W. 395.

By his bills of exception Nos. 2, 4, and 8 appellant complains of matters which he insists were wrongfully brought out in testimony. Each of said bills of exception is qualified by the learned trial judge by a statement that the matters so objected to had been inquired about by the appellant in his direct examination of the witnesses, and that the parts so objected to were brought out by the state in rebuttal of, and in reply to, the direct examination made by appellant. Neither of said bills of exception presents any error, in view of the qualification mentioned.

[3] Objection to a witness testifying that said liquor is intoxicating, the objection being upon the ground that the witness had not qualified as an expert, does not seem to this court to be a meritorious objection.

It was not erroneous to refuse the appellant's request for a peremptory instruction of not guilty. The testimony, as stated above, seems ample to support the conviction.

[4] By his bill of exceptions No. 7 appellant complains of a certain witness for the state being permitted to testify that he had seen a container before, which was then shown him, and that he had repaired the coil in said container some months prior to this trial, and that he had had a conversation with appellant in regard to repairing said coil. There is nothing in the bill which shows the connection of the evidence thus objected to, and we are unable to appraise the weight of the objection. We can conceive of many conditions which might arise in a case such as this in which this evidence would be very material. We have said in many cases that the mere statement of grounds of objection by the appellant does not amount to proof of the truth of the facts stated in such objection.

[5] Bill of exceptions No. 9 presents appellant's complaint of the refusal of the learned trial judge to submit to the jury the question of a suspended sentence. It was admitted that appellant was over 25 years of age, and in such case it is provided by law that the accused shall not be entitled to the benefit of a suspended sentence. Davis v. State, supra.

The argument complained of by appellant contains no abusive language, nor does it evidence the introduction of any statement in the argument regarding the evidence which contained matter not in testimony before the jury. The record is barren of any requested charge asking the jury not to consider such argument. Rainey v. State, 89 Tex. Cr. R. 296, 231 S. W. 118; Monroe v. State, 89 Tex. Cr. R. 326, 230 S. W. 995.

Finding no error in the record, the judgment will be affirmed.

### On Motion for Rehearing.

HAWKINS, J. [6] Consideration of bills of exception 2, 4, and 8 was dismissed on account of what appeared to be the trial judge's qualification thereto. Our attention is called to the fact that such purported qualifications do not appear over the judge's signature, but are simply memoranda suggesting explanations over the initials "G. E. C." which are not the initials of the learned trial judge. We conclude we were in error in disposing of the bills upon the grounds stated in our former opinion. We find, however, upon re-examination of the bills, that none of them present error independent of the purported qualification. Nos. 2 and 4 complain because a witness was permitted to testify that he had seen appellant operating a still on the premises of one Henry Cook, and that appellant helped the Cook boys make whisky, and because he was permitted to identify a still then exhibited to him; No. 8 complains because another witness was permitted to testify that, as the result of a search, a still was found on Henry Cook's premises. None of the bills certify to facts which would show such testimony to have been inadmissible. The grounds stated as objections do not suffice for that purpose. See Branch's Ann. P. C. p. 134, § 209, for collation of authorities. Many circumstances could arise upon a prosecution for the sale of intoxicating liquor which would

make pertinent and proper proof of the operation of a still by accused. Reub v. State, 93 Tex. Cr. R. 345, 247 S. W. 867; Davis v. State, 93 Tex. Cr. R. 192, 246 S. W. 395. It is not intended to hold or intimate that such proof would be receivable in every case where a sale of liquor is the offense being prosecuted.

[7] Complaint is made because we failed to consider an alleged error for refusal of the trial court to give a special charge requested by appellant. The special charge in question appears in the transcript, but it bears no indorsement of the trial judge; it is silent as to when it was presented; it does not show whether it was given or refused; if refused, it bears no notation over the judge's signature that its refusal was excepted to; neither does there appear in the record any separate bill of exception curing the defects mentioned and bringing the matter forward for review. Craven v. State, 93 Tex. Cr. R. 328, 247 S. W. 515; Brooks v. State, 93 Tex. Cr. R. 206, 247 S. W. 517; Hickman v. State, 93 Tex. Cr. R. 407, 247 S. W. 518; Rhodes v. State, 93 Tex. Cr. R. 574, 248 S. W. 679; Linder v. State (Tex. Cr. App.) 250 S. W. 703.

[8] The indictment contained four counts —the first charged a sale of intoxicating liquor to Paul Russell; the second charged a sale to Bill Bevans; the third charged a "furnishing" of said liquor to Russell; and the fourth a "furnishing" of the liquor to Bevans. All of the counts were submitted to the jury with directions that they should specify in the verdict under which "count or counts," if any, they convicted. The verdict found appellant guilty under the second and fourth counts, and fixed the punishment at only one year in the penitentiary. The judgment and sentence follows the verdict and condemns appellant to be guilty of both "selling" and "furnishing" liquor to Bevans. No complaint was made of this in the court below nor in this court on original submission, but for the first time in a supplemental motion for rehearing it is called to our attention, and insisted that it presents a fundamental error calling for a reversal. As supporting the contention we are cited to the following authorities: Banks v. State, 93 Tex. Cr. R. 117, 246 S. W. 377; Knott v. State, 93 Tex. Cr. R. 239, 247 S. W. 520; Zilliox v. State, 93 Tex. Cr. R. 301, 247 S. W. 523; Wimberley v. State (Tex. Cr. App.) 249 S. W. 497; Huffhines v. State (Tex. Cr. App.) 251 S. W. 229; Nowells v. State (Tex. Cr. App.) 252 S. W. 550.

In the Banks Case, supra, it will be seen there were three counts in the indictment charging separate and distinct felonies. Conviction was had upon all three counts. At the time the appeal was submitted the offense charged in one count was no longer a violation of the law by reason of an amend-

ment; another count was fatally defective, leaving only one count under which a conviction could properly have been had. The lowest penalty was assessed in that case, but the judgment was reversed because it was impossible for this court to know, under the state of the record there presented, whether the conviction was had upon the good count or upon the bad counts. In Knott's Case, supra, he was convicted of two distinct felonies, and more than the minimum penalty was assessed. This is likewise true in the Zilliox, Wimberley, Huffhines, and Nowells Cases, supra, and in Modica v. State, supra. In the opinion in the Huffhines Case will be found this language:

"It is not one of those instances where this court can correct the judgment. If the lowest penalty had been inflicted, perhaps a different rule might apply."

All of the foregoing cases are clearly distinguishable from the one now being considered. The evidence in this case shows only one transaction. It is true appellant might have furnished liquor to Bevans without having sold it, but on the contrary he could not have sold it without having furnished it. The facts show the act of sale and delivery were identical, and two convictions could not be predicated upon the facts as presented under the record before us. The minimum punishment having been assessed, we have therefore reached the conclusion that the instance presented is one in which this court, under article 938, C. C. P., has the right to reform the judgment and apply the verdict to the second count in the indictment, adjudging appellant to be guilty of the sale of the liquor in question to Bevans, and this will accordingly be done. A somewhat similar state of affairs is found reflected in Guse v. State (No. 7075) 260 S. W. —, opinion delivered October 17, 1923, not yet officially reported, where Guse was charged in one count with selling liquor capable of producing intoxication and in another count with selling liquor containing more than 1 per cent. of alcohol by volume, but in that case, as in this, only one transaction was involved and only one offense committed. On motion for rehearing in Modica v. State (Tex. Cr. App.) 251 S. W. 1049, we were dealing with a similar question, but where the punishment assessed was more than the minimum. We quote from the opinion as follows:

"It is the duty of the courts to indulge every reasonable intendment in upholding the verdicts of juries. In doing this we have applied in some cases general verdicts to some one count submitted, where more than one appear, provided the punishment fixed be such as that it can be concluded that the jury intended to punish in but one case. General verdicts with minimum punishments have also been applied to good counts in cases where others were defective, but we know of no case in this state which upholds the doctrine that a verdict spe-

cifically finding the accused guilty under more than one count in a felony case, which affixed a punishment greater than the minimum, could be upheld."

The evidence in the instant case shows only one transaction, and, the minimum penalty having been assessed, it is clear to our minds that it was not the purpose of the jury to convict of two felonies, but only upon the one transaction alleged with Bevans. We therefore conclude that no injury can result to appellant from reforming the judgment as heretofore indicated.

The motion for rehearing will be overruled.

### On Application to File Second Motion for Rehearing.

LATTIMORE, J. In reforming the judgment and directing the application of the verdict in the judgment to the offense set out in the second count of the indictment, we do not think our action open to the objection that we thus set aside a verdict that is certain. It seems clear that a verdict finding the accused guilty of the offenses charged in two counts, which offenses in most phases are identical, and in which verdict a penalty is fixed which is the minimum punishment for one offense, could be no more changed or affected by making it apply to one of said offenses than would be the case when there are two or more good counts in the indictment, and a general verdict is returned finding the accused guilty as charged in said indictment. The reasoning of this court in Lovejoy v. State, 40 Tex. Cr. R. 100, 48 S. W. 522, cited by appellant, seems to us to apply. In said opinion, after stating that the better practice would be to require an election, this court says:

"The question now presented is: Where this practice is not pursued, and the jury have returned a general verdict under an indictment with different counts covering distinct offenses, and the court has applied the verdict, can we uphold the action of the court in this regard, when it is presented for the first time by a motion in arrest of judgment or for new trial? These authorities which hold that the court has the authority base their decisions upon the proposition that the verdict is general; that is, the jury have found defendant guilty upon all the counts, and it is perfectly competent for the court to apply it to any one. There is much force in this view. But it is contended that this involves the ascertaining by the court and the selection of the particular offense charged in some one of the counts in the indictment, and so the court is made to usurp the functions of the jury, and determine the particular offense of which they may have found him guilty. But, when we remember that the jury have found him guilty upon every count of the indictment, it would certainly seem competent for the court to apply their finding to some particular count of the indictment, and, when the punishment assessed by them is a

punishment authorized to be applied to the offense ascertained by the court, we can see no difficulty in this doctrine of selection and application, nor is it in any respect the usurpation of the functions of the jury. Of course, he must select a count sustained by the evidence; otherwise his action would not be supported, but will be subject to revision, in motion for new trial, or, if this is refused, by the revisory court."

And the judgment was affirmed. We have carefully considered the forcible argument of appellant in his application for permission to file a second motion for rehearing, but find nothing therein which we think would lead to any change in our conclusion, and the application for permission to file said second motion is refused.