## RANDALL v. STATE.

No. 19180.

Court of Criminal Appeals of Texas.

Feb. 23, 1938.

For former opinion, see 112 S.W.2d 460.

Minick & Barnes, of Mineola, and Thomas B. Ridgell, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The application for leave to file a second motion for rehearing reiterates the contentions made and considered on the original hearing and rehearing. We are not led, from an examination of the application, to conclude that we erred in affirming the judgment of conviction and in overruling the appellant's motion for rehearing. We quote from Hickman v. State, 93 Tex.Cr.R. 407, 247 S.W. 518, 520, as follows:

"Second motions for rehearing will not be considered by this court, nor leave granted to file same, unless there be a sufficient showing in such application of the fact that in its original opinion, or opinion upon the motion for rehearing, the court has omitted to consider some matter, which, from the statement thereof in such application, is made to appear to this court so vital to the proper disposition of the case as to lead us to conclude that we erred in failing to consider same, or else such application must present such facts, arguments, or citations in reference to some matter decided in the original opinion or that upon rehearing, as will lead this court from an examination of the application to conclude that our decision in such regard was so far wrong as that its correction would entitle the appellant to a second rehearing."

Appellant's application for leave to file a second motion for rehearing is denied.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.